NOT FOR PUBLICATION                    [Docket Nos. 10, 11]

```
        IN THE UNITED STATES DISTRICT COURT
           FOR THE DISTRICT OF NEW JERSEY
                  CAMDEN VICINAGE
```

| | |
|---|---|
| STEVEN R. NEUNER, RECEIVER FOR JOSEPH SAMOST,<br><br>        Plaintiffs,<br><br>    v.<br><br>IVA SAMOST, et al.,<br><br>        Defendants. | Civil No. 12-CV-2420 (RMB-AMD)<br><br>**OPINION AND ORDER** |

Andrea Dobin
Sterns & Weinroth, PC
50 West State Street, Suite 1400
PO Box 1298
Trenton, NJ 08608

    Attorneys for Plaintiff

Daniel D Haggerty
Weir & Partners, LLP
210 Haddon Ave.
Westmont, NJ 08108

Ryan N. Boland
Weir & Partners LLP
1339 Chestnut Street, Suite 500
Philadelphia, PA 19107

    Attorneys for Defendants Iva Samost and Lentiva LLC

Thomas J. Hagner
Hagner & Zohlman, LLC
57 Kresson Road
Cherry Hill, NJ 08034

    Attorneys for Defendant Joseph Samost

**BUMB**, United States District Judge:

Plaintiff Steven R. Neuner ("Plaintiff"), a court-ordered receiver for Defendant Joseph Samost, has moved to remand this matter to the Superior Court of New Jersey – Burlington County. Defendants Iva Samost and Lentiva LLC (the "Moving Defendants") oppose Plaintiff's motion and have moved for the dismissal of Defendant Quinrick Realty LLC ("Quinrick"). For the reasons that follow, Plaintiff's motion is DENIED and the Moving Defendants' motion is DENIED.

I.  Background

Plaintiff was appointed receiver by the New Jersey Superior Court in connection with a suit by the state of New Jersey Department of Environmental Protection ("N.J.D.E.P.") against Defendant Joseph Samost and others. Plaintiff filed this action in state court on April 13, 2012. In the suit, Plaintiff seeks declaratory and injunctive relief to take control and possession of certain apartment units Plaintiff alleges are owned by Iva and Joseph Samost. The suit was removed by the Moving Defendants to this Court on April 23, 2012 based on diversity of citizenship.

On April 30, 2012, this Court ordered the Moving Defendants to show cause why this matter should not be remanded for lack of subject matter jurisdiction, based on the Moving Defendants'

2

failure to properly allege diversity of citizenship. Specifically, the Moving Defendants had failed to detail the citizenship of: (1) the Plaintiff; and (2) one of one of the members of Lentiva LLC, SGT Trust, by failing to indicate the citizenship of its current trustees and beneficiaries.

Following the Court's Order to Show Cause, on May 2, 2012, Plaintiff filed an Amended Complaint asserting a cause of action against Quinrick.  Plaintiff has alleged in its Amended Complaint that Quinrick is a citizen of New Jersey, which, because Plaintiff is a New Jersey citizen, would destroy this Court's diversity jurisdiction.  However, Plaintiff failed to specifically allege the members of Quinrick as required and the Moving Defendants have submitted no evidence on this issue.

On May 8, 2012, the Moving Defendants responded to the Court's Order and clarified the citizenship of the Plaintiff and of SGT Trust's beneficiaries.  They did <u>not</u>, however, clarify who the trustees of the SGT Trust were at the time of removal. Two weeks later, on May 23, 2012, Plaintiff filed a motion to remand arguing that abstention was appropriate under the <u>Colorado River</u> doctrine.  Finally, on June 4, 2012, Defendant filed a motion to dismiss Quinrick based on fraudulent joinder. Based on the submissions in connection with that briefing,

Quinrick appears to be a real estate broker and was responsible for renting out one of the apartment units at issue.[1]

## II. Analysis

The Court first addresses its own Order to Show Cause. It then addresses the Moving Defendants' motion for dismissal of Quinrick based on fraudulent joinder. Finally, it addresses the motion to remand.

### A. Adequacy of the Moving Defendants' Response to the Court's Order to Show Cause

The Moving Defendants have failed to adequately address the citizenship of the SGT Trust because they have not addressed the citizenship of its trustees at the time of removal, despite this Court's previous Order. See Emerald Investors Trust v. Gaunt Parsippany Partners, 492 F.3d 192, 205 (3d Cir. 2007)(holding that a trust's citizenship is determined by the citizenship of both its trustees and beneficiaries). The Moving Defendants are ORDERED to address this issue, by written submission, on or before November 7, 2012, under pain of remand.[2]

---

[1] In that briefing, Plaintiff indicated that the impetus for Quinrick's addition to the suit was a certification from Joseph Samost, which indicated that Quinrick "executed" the lease with the unit's tenant. Plaintiff has also attached a copy of the lease that clearly indicates that Quinrick was the broker of record on the unit. These submissions constitute "reliable evidence" that this Court may consider in assessing the Moving Defendants' motion. Bernsten, 2008 WL 862470, at *3 (holding that the court can look beyond the pleadings in assessing a fraudulent joinder motion and can consider other reliable evidence).

[2] Plaintiff also contends that diversity is likely to be destroyed by the addition of the tenant of one of the units as a defendant. Because this Court may only address its current jurisdiction, that is an issue

4

B.  Fraudulent Joinder Of Quinrick

Clearly, the Moving Defendants have not yet established whether this Court had subject matter jurisdiction at the time of removal.  Nor is it clear to the Court whether Quinrick is, in fact, non-diverse from Plaintiff.  Because either of these facts would moot the Moving Defendants' motion, the Court DENIES the Moving Defendants' motion without prejudice.  The Moving Defendants are ORDERED to address this issue, by written submission, on or before November 7, 2012.

In the interests of judicial economy, however, this Court notes that, if this Court had subject matter jurisdiction at the time of removal, and if the addition of Quinrick as a defendant would destroy that jurisdiction, the appropriate analysis would be under 28 U.S.C. § 1447(e).[3]  In conducting this analysis, the

---

for another day.  See Zavecz v. Yield Dyanmics, Inc., 179 F. App'x 116, 118 n. 2 (3d Cir. 2006)(recognizing that diversity of citizenship is assessed at the time the action is filed); Voorhies v. Admin. Of Tulane Educ. Fund, No. 11-3117, 2012 WL 1672748, at *10 (E.D. la. May 14, 2012)("They argue that, if this matter remains before this court at that time, then the suit will be amended to add the healthcare providers as defendants, diversity will be destroyed, and the Court must remand the case. The Court need not address this hypothetical future situation, but must instead determine whether it has jurisdiction at this present time.");

[3] Mayes v. Rapoport, 198 F.3d 461-63 (4th Cir. 1999); Schur v. L.A. Weight Loss Centers, Inc., 577 F.3d 752, 759 (7th Cir. 2009)(holding that the post-removal joinder of nondiverse parties is governed by 1447(e)); Marker v. Chesapeake Life Ins. Co., No. 10-729m ¶2011 WL 2670004, at *1 (E.D. Pa. July 6, 2011)(1447(e) governs post-removal joinder of additional defendants); Farrugia v. Allstate Ins. Co., No. 07-00212, 2007 WL 781782, at *2 (N.D. Cal. Mar. 8, 2007)(holding that fraudulent joinder may be a dispositive factor in deciding whether joinder is proper under 1447(e));  Lehigh Mechanical, Inc. v. bell Atlantic Tricon Leasing Corp., No. 93-673, 1993 WL 298439, at *3 (E.D.

Court would then address the fraudulent joinder argument pressed by the Moving Defendants.  Id.  "Joinder is fraudulent where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intentions in good faith to prosecute the action against the defendant or seek a joint judgment."  Bernsten v. Balli Steel, PLC, No. 08-62, 2008 WL 862470, at *2 (E.D. Pa. Mar. 31, 2008)(quotation and citation omitted).  Here, the only asserted basis for liability against Quinrick is its role as the broker in the renting of one of the apartment units at issue.  Plaintiff has failed to articulate any legal theory under which it would have a claim against Quinrick on the facts alleged.  Accordingly, this Court would be hard pressed to find a colorable ground for a claim against Quinrick, unless, of course, Plaintiff amends the Amended Complaint to allege a colorable ground.

    C.    Plaintiff's Motion to Remand

Plaintiff has moved for remand[4] under the Colorado River doctrine.[5]  That doctrine allows a federal court to abstain from

---

[4] Pa. Aug. 2, 1993)(finding that 1447(e) governs even in the case where a plaintiff has leave to amend as of right).
This Court has the discretion to remand this matter pursuant to abstention principles because this suit only seeks declaratory and injunctive relief.  Johnson v. Collins Ent. Co., 199 F.3d 710, 727 (4th Cir. 1999).

[5] Plaintiff has also suggested that some, presumably, less lenient standard than Colorado River may apply because this Court is being

6

hearing a case, in the interest of "wise judicial administration" where there is a parallel litigation in state court. Ryan v. Johnson, 115 F.3d 193, 195(3d Cir. 1997). In determining whether a stay is appropriate under the Colorado River doctrine, this Court conducts a two step process. Ryan 115 F.3d at 196. First, it must determine whether the state and federal actions are sufficiently parallel. Id. If they are, then the court must then perform a six-factor test to determine whether abstention is appropriate. Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 818 (1976); see also Ryan, 115 F.3d at 196. Plaintiff fails both steps.

With respect to the first step, federal and state actions "need not be wholly identical" to be considered parallel and identical parties and claims are not required. Marcus v. Twp. of Abington, 38 F.3d 1367, 1378 (3d Cir. 1994); Hartford Life Ins. Co. v. Rosenfeld, No. 05-5542, 2007 WL 2220614, at *5 (D.N.J. Aug. 1, 2007); IFC Interconsult, AG v. Safeguard Int'l Partners LLC, 438 F.3d 298, 306 (3d Cir. 2005)("We have never required complete identity of parties."). They must instead be at least "substantially similar." Marcus, 38 F.3d at 1378.

---

asked to employ its equitable powers. Where, as here, the plaintiff is asserting claims for both declaratory and injunctive relief, the Colorado River doctrine controls. Royal Indem. Co. v. Apex Oil Co., 511 F.3d 788, 795 n.3 (8th Cir. 2008); Black Sea Inv., Ltd. v. United Heritage Corp., 204 F.3d 647, 652 (5th Cir. 2000); Hartford Life Ins. Co. v. Rosenfeld, No. 05-5542, 2007 WL 2226014, at *4-5 (D.N.J. Aug. 1, 2007)(holding that Colorado River applied to non-purely declaratory judgment actions).

7

Here, however, Plaintiff has not established that there is a substantially similar parallel litigation in the state Court as required. The only other litigation referenced by Plaintiff in his briefing is the N.J.D.E.P. suit, which does not appear to be parallel.

Even if Plaintiff had demonstrated a parallel litigation as required, Plaintiff would fail the six-factor test that comprises the second step of the analysis. Under that test, while the Court generally looks to six different factors, Colorado River abstention is only appropriate when the third factor is met. Nationwide Mut. Fire Ins. Co. v. George V. Hamilton, Inc., 517 F.3d 299, 308 (3d Cir. 2009)(listing six factors); Spring City Corp. v. Am. Bldgs. Co., 193 F.3d 165, 171-72 (3d Cir. 1999)172 ("We pointed out that even though it is important to prevent 'piecemeal litigation,' a stay is appropriate only when [the third factor is met.]")(emphasis added); Ryan, 115 F.3d at 198. That factor requires a showing that abstention would avoid piecemeal litigation and that there is "a strongly articulated congressional policy against piecemeal litigation in the specific context of the case under review." Id. And, here, Plaintiff has failed to identify such a policy. As such, remand under Colorado River is unwarranted and Plaintiff's motion to remand on that basis is DENIED.

IV.   Conclusion

    For all these reasons, the pending motions are DENIED.

                                       s/Renée Marie Bumb
                                       RENÉE MARIE BUMB
                                       United States District Judge

Dated: October 24, 2012