<u>NOT FOR PUBLICATION</u>                              [Docket Nos. 10, 11]

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

| | |
|---|---|
| STEVEN R. NEUNER, RECEIVER FOR JOSEPH SAMOST,<br><br>    Plaintiffs,<br><br> v.<br><br>IVA SAMOST, et al.,<br><br>    Defendants. | Civil No. 12-CV-2420 (RMB-AMD)<br><br>**OPINION AND ORDER** |

  This Court previously ordered (the "Order") that Defendants Iva Samost ("Iva Samost"), Joseph Samost ("Joseph Samost"), and Lentiva LLC ("Lentiva") furnish certain information in order to allow it to assess whether: (1) the parties were diverse to one another when the matter was removed from state court; and (2) Defendant Quinrick Realty LLC ("Quinrick"), which was joined after this matter had been removed, should be dismissed pursuant to 28 U.S.C. § 1447(e) because its joinder would defeat diversity. <u>Neuner v. Samost</u>, 12-2420, 2012 WL 5247773, at *1-2 (D.N.J. Oct. 24, 2012). For the reasons that follow, this Court concludes that it had jurisdiction to hear this matter when it was removed and that Quinrick should be dismissed.

I.  <u>Background</u>

This matter was filed in state court on April 13, 2012 and removed to this Court on April 23, 2012 based on diversity of citizenship. [Docket No. 1]. At the time of removal, the parties to the action were Plaintiff Steven R. Neuner ("Plaintiff") and Defendants Iva Samost, Joseph Samost, and Lentiva. Subsequent to the removal of the action, on May 2, 2012, Plaintiff amended the state court complaint to add Quinrick as a Defendant. [Docket No. 6].

Plaintiff, a citizen of New Jersey, moved to remand the matter contending that the addition of Quinrick, who Plaintiff alleged was a citizen of New Jersey, deprived this Court of diversity jurisdiction. [Docket No. 10]. In turn, Defendants Iva Samost, Joseph Samost, and Lentiva contended that Quinrick should be dismissed as a Defendant because it had been fraudulently joined. [Docket No. 11].

This Court denied both motions finding that it was unable to determine whether: (1) it had jurisdiction in the first instance, prior to the addition of Quinrick, because it lacked information as to the citizenship of the trustees of SGT Trust, a member of Lentiva LLC; (2) Quinrick's addition would, in fact, defeat diversity because the Court lacked information as to the citizenship of the members of Quinrick. Neuner, 12-2420, 2012 WL 5247773, at *1-2. The Court instead ordered that Iva Samost, Joseph Samost, and Lentiva provide more detail on these issues.

The Court did observe, however, that Plaintiff had "failed to articulate any legal theory under which it would have a claim against Quinrick on the facts alleged." Id. at *2.

At the time of the Order, the parties had already submitted evidence establishing that: (1) Plaintiff was a citizen of New Jersey; (2) Iva Samost and Defendant Joseph Samost were citizens of Pennsylvania; and (3) Lentiva's members were Iva Samost and SGT Trust and SGT Trust's beneficiaries were citizens of Pennsylvania. And Iva Samost and Lentiva have since clarified that: (1) the sole trustee of SGT Trust is a citizen of Pennsylvania; and (2) Quinrick has only one member and that member is a citizen of New Jersey. [Docket No. 19].

II. Analysis

This Court first addresses whether the parties were diverse to one another at the time of removal. It then addresses whether Quinrick should be dismissed pursuant to 28 U.S.C. § 1447(e).

A. Diversity Of Parties At The Time Of Removal

Based on the information that is now before this Court, it can now conclude that the parties were diverse to one another at the time of removal. Plaintiff was a citizen of New Jersey. Defendants Iva and Joseph Samost were citizens of Pennsylvania. Finally, because Lentiva's members are Iva Samost and SGT Trust, and because SGT Trust's trustee and beneficiaries are all

3

citizens of Pennsylvania, it too is a citizen of Pennsylvania. Zambelli Fireworks Mfg. Co. V. Wood, 592 F.3d 412, 420 (3d Cir. 2010)(recognizing that an LLC is deemed a citizen of each of the states in which its members are citizens); Emerald Investors Trust v. Gaunt Parsippany Partners, 492 F.3d 192, 205 (3d Cir. 2007) (recognizing that a trust is a citizen of the states in which its trustees and beneficiaries are members). Accordingly, at the time of removal, the parties were of diverse citizenship because the Plaintiff was a citizen of New Jersey and all of the Defendants at that time were citizens of Pennsylvania.

Having determined that the parties were of diverse citizenship at the outset, this Court must next assess whether Quinrick's addition would defeat diversity and, if it would, whether Quinrick should be dismissed under 28 U.S.C. § 1447(e).

B. Dismissal Of Quinrick Pursuant To 28 U.S.C. § 1447(e)

The newly submitted evidence establishes that Quinrick is a New Jersey citizen because it has only one member and he is a citizen of New Jersey. Zambelli, 592 F.3d at 420 (holding that LLCs are citizens of each state in which its members are citizens). Quinrick's addition to this case would therefore defeat diversity jurisdiction and this Court must assess, under 28 U.S.C. § 1447(e), whether to permit it to be joined to this matter. Marker v. Chesapeake Life Ins. Co., No. 10-729, 2011 WL 2670004, at *1 (E.D. Pa. July 6, 2011)(holding that 28 U.S.C. §

4

1447(e) governs post-removal joinder of additional defendants); Lehigh Mechanical, Inc. v. bell Atlantic Tricon Leasing Corp., No. 93-673, 1993 WL 298439, at *3 (E.D. Pa. Aug. 2, 1993)(finding that 1447(e) governs even in the case where a plaintiff has leave to amend as of right).

Under 28 U.S.C. § 1447(e), the Court considers four factors: "(1) the extent to which the purpose of the amendment is to defeat federal jurisdiction; (2) whether plaintiff has been dilatory in asking for amendment; (3) whether plaintiff will be significantly injured if amendment is not allowed; and (4) any other factors bearing on the equities." Marker, No. 10-729, 2011 WL 2670004, at *2. Courts have also recognized that the fraudulent joinder doctrine may be an appropriate element of the 1447(e) analysis[1], though they have differed in whether it is

---

[1] The Fifth Circuit has held that the fraudulent joinder doctrine is "inapplicable" to joinders that occur after removal. Borden v. Allstate Ins. Co., 589 F.3d 1678, 171 (5th Cir. 2009). It reasoned that, when plaintiffs seek to join defendants after removal, the defendants have an opportunity to argue that joinder is improper before the plaintiff is granted leave to amend. Id. However, as recognized by the Fourth and Seventh Circuits, that reasoning is premised on the potentially erroneous assumption that the district court has the opportunity to determine whether joinder was appropriate in the first instance. Schur v. L.A. Weight Loss Centers, Inc., 577 F.3d 752, 763-64 (7th Cir. 2009); Mayes, 198 F.3d at 463 n. 12. That assumption breaks down, however, where the complaint was amended as of right, without leave of court, under Federal Rule of Civil Procedure 15(a). Id. And, here, Plaintiff had leave to amend as of right under that Rule at the time it filed the amended complaint because the amended complaint was filed within 21 days of service of the complaint. Federal Rule of Civil Procedure 15(a)(1)A)(allowing for 21 days from the filing of the complaint to amend the complaint as of right). While it is unclear when the original Defendants were served, the complaint necessarily was served within 21 days of the amended complaint because the amended complaint was filed on May 2, 2012, which is within 21 days of the filing of the complaint in state court on April 13, 2012. And,

a potentially dispositive factor.[2] Compare <u>Mayes v. Rapoport</u>, 198 F.3d 457, 461-63 (4th Cir. 1999)(holding that fraudulent joinder could potentially be the dispositive factor in deciding whether joinder is proper under 1447(e)) and <u>Farrugia v. Allstate Ins. Co.</u>, No. 07-00212, 2007 WL 781782, at *2 (N.D. Cal. Mar. 8, 2007)(same) with <u>Schur v. L.A. Weight Loss Centers, Inc.</u>, 577 F.3d 752, 759 (7th Cir. 2009)(finding that the fraudulent joinder analysis is relevant, but not dispositive). "Joinder is fraudulent where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intentions in good faith to prosecute the action against the defendant or seek a joint judgment." <u>Bernsten v. Balli Steel, PLC</u>, No. 08-62, 2008 WL 862470, at *2 (E.D. Pa. Mar. 31, 2008)(quotation and citation omitted).

    Here, regardless of whether the fraudulent joinder analysis is considered dispositive or merely a relevant factor, Quinrick must be dismissed under section 1447(e). If the fraudulent joinder analysis is considered dispositive, this Court's observation in its prior Order – that Plaintiff had failed to articulate any legal theory on which it could have a claim

---

        in any event, regardless of how these analyses are formally denominated, as a practical matter, they largely turn on the same factors.

[2]    In this Court's view, because the fraudulent joinder analysis permeates the ordinary four factor analysis, it is difficult to imagine a scenario where a finding of fraudulent joinder would not compel dismissal under section 1447(e).

against Quinrick on the facts alleged - compels a finding of fraudulent joinder and dismissal of Quinrick. <u>Neuner</u>, 12-2420, 2012 WL 5247773, at *2; <u>Bernsten</u>, No. 08-62, 2008 WL 862470, at *2 (holding that joinder is fraudulent when no reasonable basis in fact or colorable ground supporting the claim against the joined defendant). And even if fraudulent joinder is merely a relevant factor, this Court would still dismiss Quinrick under the four usual 1447(e) factors. While Plaintiff was not dilatory in amending the Complaint, the other three factors all militate strongly in favor of dismissal. First, given this Court's finding as to fraudulent joinder, the purpose of the amendment plainly appears to be to defeat diversity jurisdiction. Second, given this Court's finding as to fraudulent joinder, Plaintiff would not be injured by denying joinder of Quinrick as Plaintiff does not appear to have any claims against Quinrick. Third, it would be inequitable to permit Plaintiff to defeat diversity jurisdiction by fraudulently joining Quinrick.

III. <u>Conclusion</u>

For all these reasons, this Court orders that Quinrick is DISMISSED from this matter without prejudice. Plaintiff may seek leave to amend the complaint to add Quinrick as a Defendant to this matter on new grounds, not previously articulated by the Plaintiff.

7

                                                s/Renée Marie Bumb
                                                RENÉE MARIE BUMB
                                                United States District Judge

Dated: November 26, 2012